UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALICE DYSON                                                          CIVIL ACTION

VERSUS                                                               19-598-SDD-EWD

BOARD OF SUPERVISORS OF
SOUTHERN UNIVERSITY AND
A&M COLLEGE

### RULING

This matter is before the court on the *Motion to Dismiss Under Rule 12(B)(6)*[1] filed by Defendant Board of Supervisors of Southern University and A&M College ("Defendant"). Plaintiff Alice Dyson ("Plaintiff") has filed an *Opposition*[2] to this motion, to which Defendant filed a *Reply*.[3] For the following reasons, the Court finds that Defendant's *Motion to Dismiss* shall be GRANTED with leave to amend.

**I.      FACTS AND PROCEDURAL HISTORY**

The facts alleged by Plaintiff in the *Complaint* are as vague as they are sparse. Nonetheless, the Court shall briefly recite them here. Plaintiff began employment with Southern University ("SU") in 2003 as an administrative assistant.[4] Beginning in the fall of 2016, Plaintiff began reporting to Dr. Bobby R. Phills ("Phills"), the Chancellor of SU's Ag Center and Dean of the College of Agriculture at SU.[5] Plaintiff is still an employee of SU as of the present date.[6] Sometime in the fall of 2016, Plaintiff alleges that Phills "made a number of inappropriate and lewd comments" to her, thus

---

[1] Rec. Doc. 5.
[2] Rec. Doc. 11.
[3] Rec. Doc. 12.
[4] Rec. Doc. 1 ¶4.
[5] *Id.*
[6] *Id.*
60920                                                                                         1

"creating a hostile work environment permeated with sexual harassment."[7] Plaintiff reported Phills' action to SU, and after SU took no action, Phills allegedly "retaliated against [Plaintiff] for reporting on him to Human Resources."[8] The nature of the retaliation, Plaintiff alleges, was "increasing the frequency of his harassment throughout 2017 and into spring and summer 2018."[9] Phills also "enlisted others to assist in retaliating against [Plaintiff]."[10]

Plaintiff alleges that she took multiple steps to mitigate her situation internally, such as discussing the harassment with the Associate Vice President for Human Resources, including by sending a "lengthy letter."[11] Plaintiff was also contacted by an attorney who was allegedly retained by SU to investigate the harassment.[12] On February 11, 2019, Plaintiff was notified by the investigator that her allegations were denied and that Phills "decided to resign from his position as chancellor and requested a leave of absence."[13] Plaintiff goes on to allege that Dr. James H. Ammons, Jr., the Executive Vice President/Executive Vice Chancellor of SU, failed to adequately resolve multiple allegations of sexual harassment that were made by women against Phills.[14]

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 4, 2019, in which she alleges unlawful retaliation.[15] The EEOC issued a Notice of Dismissal and Notice of Rights on June

---

[7] Rec. Doc. 1 ¶5.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at ¶6-7.
[12] *Id.* at ¶8.
[13] *Id.* at ¶10.
[14] *Id.* at ¶11-12.
[15] *Id.* at ¶16; *see also* Rec. Doc. 1-1 p. 1.

14, 2019.[16] Plaintiff subsequently filed the present lawsuit on September 11, 2019,[17] alleging retaliation and sexual harassment claims in violation of Title VII of the Civil Rights Act.[18] Defendant filed a *Motion to Dismiss Under Rule 12(B)(6)* on November 7, 2019, arguing that Plaintiff has failed to allege any facts in support of her claims, and that in any event, the allegations fail to meet the required elements for a retaliation claim.

## II.   LAW AND ANALYSIS

### A.  Rule 12(b)(6) Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[19] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[20] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[21]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

---

[16] Rec. Doc. 1 ¶17; *see also* Rec. Doc. 1-2.
[17] *See* Rec. Doc. 1.
[18] *Id.* at ¶1.
[19] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[20] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[21] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

elements of a cause of action will not do."[22] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[23] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[25] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[26] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[27]

### B. Title VII Claims

#### i. Administrative Exhaustion

The Court at addresses Defendant's argument that only a retaliation claim is presented.[28] Other than a brief statement presenting general claims under Title VII, Plaintiff appears to present a hostile work environment claim in the form of sexual harassment allegations, while also presenting a claim for retaliation.[29] Defendant argues that Plaintiff's Charge of Discrimination only presented a claim for retaliation to the EEOC because Plaintiff only checked the "retaliation" box on the form.[30]

The Court disagrees. While Plaintiff may not have checked the "sex" box on the EEOC form, the nature of Plaintiff's narrative makes clear the conduct of which

---

[22] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).
[24] *Twombly*, 550 U.S. at 556.
[25] *Iqbal*, 556 U.S. at 678.
[26] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[27] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[28] Rec. Doc. 5-1 p. 7.
[29] *See* Rec. Doc. 1.
[30] Rec. Doc. 1-1.

she complains. The Fifth Circuit has found that a plaintiff's failure to check a box on an EEOC Charge is not always fatal error. For instance, in *Sanchez v. Standard Brands, Inc.*, the Fifth Circuit concluded that a plaintiff's failure to check the "national origin" box on her EEOC Charge was "a mere 'technical defect or omission'"[31] and "decline[d] to hold that the failure to place a check mark in the correct box [was] a fatal error."[32] Ultimately, because the plaintiff had alleged sufficient facts in her Charge of Discrimination to give rise to a national origin discrimination claim, the *Sanchez* court found that plaintiff's failure to mark the appropriate box did not bar her from including her national origin discrimination claim in her complaint.[33]

Here, Plaintiff states as follows in her Charge of Discrimination:

> In 2016, I filed an internal sexual harassment complaint against Chancellor Fields. Since that time, I have not received any other raises with exception of the state raises. I also believe that I am being subjected to harassment on an ongoing basis.
> I have not been given a reason why [my] raises have been denied or why I am being harassed.
> I believe that I have been subjected to harassment and denied raises in retaliation for my complaint in violation of Title VII of the Civil Rights Act of 1964, as amended.[34]

Plaintiff's alleged facts in the Charge of Discrimination clearly refer to both sexual harassment—a hostile work environment claim—and retaliation. Thus, the Court

---

[31] 431 F.2d 455, 462 (5th Cir. 1970).
[32] *Id.* at 463.
[33] *Id.* at 463-64.
[34] Rec. Doc. 1-1.

finds that Plaintiff has fulfilled Title VII's administrative exhaustion requirement as to her hostile work environment claim and her retaliation claim.[35]

## ii. Hostile Work Environment and Retaliation Claims

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[36] Sexual harassment is a form of sex discrimination. The Supreme Court has recognized two types of sexual harassment claims: those based on requests for sexual favors that result in adverse employment actions (a *quid pro quo* claim) and those where bothersome attentions or sexual remarks create a hostile work environment.[37] It is clear according to the alleged facts that this matter involves an alleged hostile work environment rather than a *quid pro quo* claim.

To establish a Title VII sexual harassment claim based on hostile work environment, the plaintiff-employee must show: (1) that he belongs to a protected class; (2) that he was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a "term, condition, or privilege" of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action.[38] To affect a term, condition, or privilege of employment, the harassment must be "sufficiently severe or pervasive so as to alter the

---

[35] *Sapp v. Potter*, 413 Fed.Appx. 750, 752 (5th Cir. 2011) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)) ("The well-settled law of this circuit is that a public employee cannot proceed in a Title VII action until that employee has exhausted all available administrative remedies.").
[36] 42 U.S.C. § 2000e–2(a)(1).
[37] *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998); *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998); *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75 (1998).
[38] *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 298 (5th Cir. 2001)(citing *Shepherd v. Comptroller of Public Accounts of the State of Tex.*, 168 F.3d 871, 873 (5th Cir. 1999)).

conditions of the [plaintiff's] employment and create an abusive working environment."[39] The work environment must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so."[40]

As for retaliation, the court analyzes "Title VII retaliation claims under the burden-shifting framework established in *McDonnel Douglas Corp. v. Green*."[41] "This framework has three steps: first, a plaintiff must set out a *prima facie* case of retaliation; if the plaintiff sets out a *prima facie* case, the burden shifts to the defendant to state a legitimate, non-discriminatory reason for its action; if the defendant provides such a reason, the plaintiff must prove that it is pretextual."[42] To set forth a *prima facie* case of retaliation, a plaintiff must establish that: (1) she engaged in a protected activity as defined under Title VII, (2) she was subjected to an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse employment action.[43]

Defendant urges the Court to dismiss Plaintiff's claims because the *Complaint* "is devoid of facts and alleges nothing more than conclusory assertions."[44] In reviewing the *Complaint*, the Court agrees. Although Plaintiff alleges that Phills "made a number of inappropriate and lewd comments" to Plaintiff and that Phills retaliated "by increasing the frequency of his harassment,"[45] Plaintiff does not allege any detailed facts constituting sexual harassment or retaliation as defined by law. Further,

---

[39] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).
[40] *Aryain v. Wal–Mart Stores of Tex., LP,* 534 F.3d 473, 479 (5th Cir.2008) (quoting *Faragher,* 524 U.S. at 787, 118 S.Ct. 2275).
[41] *Wiggins v. St. Luke's Episcopal Health System*, 517 Fed.Appx. 249, 251 (5th Cir. 2013).
[42] *Id.* at 251-52.
[43] *Feist v. La. Dept. of Justice*, 730 F.3d 450, 454 (5th Cir. 2013) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007)).
[44] Rec. Doc. 5 p. 1.
[45] Rec. Doc. 1 ¶5.

the *Complaint* is completely devoid of factual allegations that describe where or how often the harassment occurred; indeed, Plaintiff's allegations boil down to some form of sexual harassment that occurred at some point over a year-and-a-half-long span of time. Plaintiff alleges vaguely that "Phills enlisted others to assist in retaliating against [Plaintiff]"[46] without alleging how Phills did so or what sort of retaliation was done. Plaintiff's case rests upon some sexual harassment allegedly committed by Phills, but Plaintiff's nebulous *Complaint* leaves the details of that harassment up to the imagination of the Court.

With only a bare-bones allegations of liability, the Court cannot draw a reasonable inference that Defendant is liable for the alleged misconduct, as required to survive a motion to dismiss.[47] Accordingly, Defendant's *Motion to Dismiss* shall be granted, and the claims against it shall dismissed without prejudice. Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." As to the remainder of the parties' arguments pertaining to the relevant case law and legal standards, the Court opts to refrain from belaboring the Rule 12(b)(6) analysis with respect to such an obviously deficient *Complaint*. The Court concludes that Plaintiff shall have leave to amend her *Complaint* subject to the below conditions.

---

[46] Rec. Doc. 1 ¶5.
[47] *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court notes that Plaintiff does not even clearly state her cause of action, much less provide a recitation of the elements.

60920                                                                                                                          8

## III. CONCLUSION

For the reasons set forth above, Defendant's *Motion to Dismiss*[48] is **GRANTED**. Plaintiff shall have twenty-one (21) days from the date of this *Ruling* to amend her *Complaint* to cure the deficiencies noted herein. Failure to amend by this deadline will result in a dismissal of all claims with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on July 23, 2020.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[48] Rec. Doc. 5.
60920